**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**NATHAN B. MAUDLIN**
Klezmer Maudlin, P.C.
New Harmony, Indiana

ATTORNEY FOR APPELLEE:

**STEPHEN S. LAVALLO**
Kahn, Dees, Donovan & Kahn, LLP
Evansville, Indiana



FILED
Apr 09 2013, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM GORDON, | ) | |
| | ) | |
| Appellant-Claimant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1211-EX-910 |
| | ) | |
| TOYOTA MOTOR MANUFACTURING OF INDIANA, | ) | |
| | ) | |
| | ) | |
| Appellee-Employer. | ) | |

APPEAL FROM THE FULL WORKER'S COMPENSATION BOARD OF INDIANA
The Honorable Linda Peterson Hamilton, Chairperson
Case No. C-193891

April 9, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

William Gordon ("Gordon") appeals the decision of the Full Worker's Compensation Board of Indiana ("the Board"), adopting and affirming the decision of the Single Hearing Member, contending that the Board erred by denying a portion of Gordon's claim for temporary total disability ("TTD") benefits.

We vacate and remand.

## FACTS AND PROCEDURAL HISTORY

The facts stipulated to by the parties indicate that Gordon was employed by Toyota Motor Manufacturing of Indiana ("Toyota") on November 26, 2007, and earned an average weekly wage in excess of the statutory maximum. On that date, Gordon suffered an injury, affecting his left shoulder and neck, in an accident while in the course of his employment. Toyota acknowledged Gordon's accidental injury and paid for certain medical services and supplies. On July 16, 2008, a doctor furnished by Toyota, Dr. Weaver, took Gordon off work.

On July 24, 2008, Dr. Titzer, another physician furnished by Toyota, released Gordon to return to work with restrictions. Although Gordon attempted to return to work, he left his employment on August 5, 2008. Subsequently, one doctor recommended no further treatment for Gordon's neck and one doctor recommended no more treatment for Gordon's shoulder. On September 29, 2009, however, Dr. Wilson recommended additional treatment for Gordon's shoulder. On October 20, 2009, Toyota notified Gordon that it would not provide the treatment recommended by Dr. Wilson. On June 7, 2010, Dr. Miller performed surgery on Gordon's shoulder. Dr. Miller expected

2

Gordon to return to full activity six months after the surgery and to have a full recovery without impairment.

On August 11, 2008, Gordon had filed an Application for Adjustment of Claim related to his injury. Single Hearing Member Andrew S. Ward heard Gordon's claim on October 17, 2011, and on May 9, 2012, ordered Toyota to pay for certain medical treatment and to pay thirty weeks of TTD benefits. The following issues were presented for the Single Hearing Member's review: 1) whether Gordon was entitled to an award of medical services and supplies, and if so, the medical services and supplies to which he was entitled; and 2) whether Gordon was entitled to an award of TTD benefits, and if so, the period of time to which he was entitled to those benefits.

On June 5, 2012, Gordon sought review of his claim by the Board and on October 11, 2012, by a vote of 6-1, the Board adopted and affirmed the Single Hearing Member's award.

## DISCUSSION AND DECISION

Gordon appeals claiming that the Board erred by not awarding TTD benefits to him for the entire period of his temporary disability. He also argues that the Board erred by finding that his argument with respect to notice about the consequences of his refusal of light-duty work amounted to new evidence not presented to the Single Hearing Member, and was thus, inadmissible before the Board.

We begin our analysis by restating our standard of review as indicated by the Indiana General Assembly in the Administrative Orders and Procedures Act, which in pertinent part provides as follows:

3

. . . .The order must include, separately stated, findings of fact for all aspects of the order, including the remedy prescribed and, if applicable, the action taken on a petition for stay of effectiveness. Findings of ultimate fact must be accompanied by a concise statement of the underlying basic facts of record to support the findings. The order must also include a statement of the available procedures and time limit for seeking administrative review of the order (if administrative review is available).

. . . .

Findings must be based exclusively upon the evidence of record in the proceeding and on matters officially noticed in that proceeding. Findings must be based upon the kind of evidence that is substantial and reliable. The administrative law judge's experience, technical competence, and specialized knowledge may be used in evaluating evidence.

Ind. Code § 4-21.5-3-27(b), (d).

Furthermore, we have stated the following about appellate review of an administrative order:

Our review of an administrative decision is limited to whether the agency based its decision on substantial evidence, whether the agency's decision was arbitrary and capricious, and whether it was contrary to any constitutional, statutory, or legal principle. We are not allowed to conduct a trial de novo, but rather, we defer to an agency's fact-finding, so long as its findings are supported by substantial evidence. . . .

*PSI Energy, Inc. v. Ind. Office of Util. Consumer Counsel,* 764 N.E.2d 769, 774 (Ind. Ct. App. 2002), *trans. denied.* We have additionally stated as follows:

The Board, as the trier of fact, has a duty to issue findings that reveal its analysis of the evidence and that are specific enough to permit intelligent review of its decision. In evaluating the Board's decision, we employ a two-tiered standard of review. First, we review the record to determine if there is any competent evidence of probative value to support the Board's findings. We then assess whether the findings are sufficient to support the decision. We will not reweigh the evidence or assess witness credibility. . . .[T]he claimant[] had the burden to prove a right to compensation under the Worker's Compensation Act[]. As such, [the claimant] appeals from a negative judgment. When reviewing a negative judgment, we will not

4

disturb the Board's findings of fact unless we conclude that the evidence is undisputed and leads inescapably to a contrary result, considering only the evidence that tends to support the Board's determination together with any uncontradicted adverse evidence. The Board is not obligated to make findings demonstrating that a claimant is not entitled to benefits; rather, the Board need only determine that the claimant has failed to prove entitlement to benefits. "While this court is not bound by the Board's interpretations of law, we should reverse only if the Board incorrectly interpreted the Worker's Compensation Act." *Luz v. Hart Schaffner & Marx*, 771 N.E.2d 1230, 1232 (Ind. Ct. App.2002). "We will construe the Worker's Compensation Act liberally in favor of the employee." *Id*.

*Triplett v. USX Corp.*, 893 N.E.2d 1107, 1116 (Ind. Ct. App. 2008) (most internal citations omitted).

Furthermore,

The first stage of our review examines whether the agency's "decision contain[s] specific findings on all of the factual determinations material to its ultimate conclusions," which is especially important when the agency's decision is a rate order. Basic findings of fact are important because they enlighten us as to the agency's "reasoning process and subtle policy judgments" and allow for "a rational and informed basis for review," which lessens the likelihood that we would substitute our "judgment on complex evidentiary issues and policy determinations" better decided by an agency with technical expertise. Requiring an agency to set forth basic findings also assists the agency "in avoiding arbitrary or ill-considered action." The second stage of the review process examines whether there is substantial evidence in the record to support the agency's basic findings of fact. To determine whether there was substantial evidence sufficient to support the agency's determination, we must consider all evidence, including that evidence supporting the determination as well as evidence in opposition to it. We may set aside agency findings of fact only when we determine, after a review of the entire record, that the agency's decision clearly "lacks a reasonably sound basis of evidentiary support."

*Citizens Action Coal. of Ind., Inc. v. N. Ind. Pub. Serv. Co.*, 804 N.E.2d 289, 294 (Ind. Ct. App. 2004) (internal citations omitted).

5

Here, there are no findings of the facts that underlie the Board's decision. Rather, the Board merely makes two unsupported legal conclusions; namely that Gordon was entitled to an award of statutory medical-expenses compensation and to thirty weeks of TTD benefits. From these sparse findings, we are unable to determine the Board's reasoning process. From the record presented to us, we are unable to determine whether the Board's determination is in accordance with the law or whether the determination is arbitrary or capricious. Thus, we are compelled to conclude that this matter must be vacated and remanded to the Board with instructions to issue findings of fact and conclusions thereon which comport with the Indiana Administrative Orders and Procedures Act such that we can conduct, if necessary, our appellate review of the Board's determination.

Vacated and remanded.

VAIDIK, J., and PYLE, J., concur.